THIS ORDER IS A
PRECEDENT OF THE
TTAB

**UNITED STATES PATENT AND TRADEMARK OFFICE**
**Trademark Trial and Appeal Board**
**P.O. Box 1451**
**Alexandria, VA 22313-1451**
General Contact Number: 571-272-8500
General Email: TTABInfo@uspto.gov

September 7, 2018

Opposition No. 91235392
Opposition No. 91240011

*One Jeanswear Group Inc.*

*v.*

*YogaGlo, Inc.*

**M. Catherine Faint,**
**Interlocutory Attorney:**

This case now comes up on the following motions:

1)  Applicant's motion, filed March 15, 2018 in Opposition No. 91235392 ('392 case) to compel discovery responses; and

2)  Opposer's motion, filed May 1, 2018 in Opposition No. 91240011 ('011 case), to consolidate proceedings.

The motions are contested and fully briefed.

### A. Motion to Consolidate

Applicant seeks to register the marks GLO in standard character form for

goods and services in Classes 18 and 35.[1] By its notices of opposition, Opposer claims

---

[1] Application Serial Nos. 87035150 and 87035165 were both filed May 12, 2016, based on intent to use the marks in commerce. The goods in Serial No. 87035150 are, "bags for sports; athletic bags; carry-all bags; backpacks; general purpose bags for carrying yoga equipment." The services in Serial No. 87035165 are, "online retail store services featuring exercise and fitness equipment, accessories and apparel."

ownership of multiple registrations and applications for the mark GLO[2] and GLO-formative marks, and opposes Applicant's registration of its marks based on likelihood of confusion with Opposer's marks.

Opposer seeks to consolidate the above-identified cases arguing that the marks and goods at issue in these proceedings are essentially the same, and the parties are identical. Thus the cases present common issues of law and fact and should be consolidated pursuant to Fed. R. Civ. P. 42(a).

Applicant argues that the motion to consolidate was filed in the '011 case at the time when the '392 case was suspended for consideration of the motion to compel. Applicant notes that Opposer relies on fewer active applications and registrations in the '392 case[3] than in the '011 case,[4] and Opposer alleges different rights in the '011 case than in the '392 case. Applicant argues consolidation should wait until resolution of the discovery issues.

---

[2] Registration Nos. 2529980, 5200182 for GLO; Registration No. 5287975 for GLO JEANS, and Registration No. 4809441 for GLO BY GLORIA VANDERBILT; all for footwear or clothing items in Class 25; and multiple pending applications for GLO-formative marks for jewelry and watches in Class 14; handbags in Class 18; and clothing and footwear items in Class 25. Registration No. 4071178 was cancelled under Section 8 of the Trademark Act, 15 U.S.C. § 1058.

[3] Registration Nos. 2529980, 4809441, 5200182, and 5287975. Registration Nos. 4071178, 3884062, and 3917806 claimed by Opposer in the '392 case are all cancelled under Section 8 of the Trademark Act. Opposer also claimed ownership of pending application Serial No. 87434757.

[4] Registration Nos. 2529980, 4809441, 5200182, and 5287975. Registration No. 4071178, claimed by Opposer in the '011 case, was cancelled under Section 8 of the Trademark Act. Opposer also claimed ownership of pending application Serial Nos. 87402532, 87402546, 87402516, 87434757, 87554572, 87680447, 87722458, and 87722467.

The Board may consolidate pending cases that involve common questions of law and fact. The Board has determined that, at this time, it is capable of evaluating the similarities and any differences in the pleadings, evidence and defenses for these cases. *See* Fed. R. Civ. P. 42(a); *see also Wis. Cheese Grp., LLC v. Comercializadora de Lacteos y Derivados, S.A. de C.V.*, 118 USPQ2d 1262, 1264 (TTAB 2016) (consolidation due to common questions of law and fact). A review of the pleadings in the above-identified opposition proceedings indicates that the parties are the same, the marks in the opposed applications are identical, both oppositions claim likelihood of confusion with the same four active registrations of Opposer, and the proceedings involve common questions of law and fact. Given that the opposed marks are identical and the grounds for opposition are similar, much of the discovery and evidence at trial will likely be the same in both cases. Absent consolidation, the parties would likely continue with duplicative and/or piecemeal discovery and prosecution in the separate proceedings.

The fact that there may be additional pending applications claimed in the '011 case does not preclude consolidation as Opposer's pending applications, if made properly of record, are evidence only that the applications were filed on a certain date or used to support that Opposer has standing. *Nike, Inc. v. WNBA Enters. LLC*, 85 USPQ2d 1187, 1193 n.8 (TTAB 2007) (pending applications are not evidence of use of the marks); *WeaponX Performance Prods., Ltd. v. Weapon X Motorsports, Inc.*, 126 USPQ2d 1034, 1040 (TTAB 2018) (plaintiff may establish its standing by proving that it owns application refused registration based on likelihood of confusion with involved

mark).[5] In view thereof, Opposer's motion to consolidate is **granted** and proceedings are consolidated.

The consolidated cases may be presented on the same record and briefs. *See Dating DNA LLC v. Imagini Holdings Ltd.*, 94 USPQ2d 1889, 1893 (TTAB 2010).

The Board file will be maintained in Opposition No. 91235392 as the "parent" case. As a general rule, from this point onward, only one copy of any submission should be filed in the parent case, but that copy should include both proceeding numbers in its caption in ascending order.

Despite being consolidated for purposes of case presentation, **each proceeding retains its separate character**. The final decision on the consolidated cases shall take into account any differences in the issues raised by the respective pleading; and a copy of the decision shall be placed in each proceeding file.

In keeping with Board practice, dates are reset for these newly consolidated proceedings as set out below.

### B. Motion to Compel

Applicant seeks to compel responses to all of its interrogatories and specifically seeks an order overruling Opposer's general objection to the number of

---

[5] We note that when a party pleads a pending application, it may make the resulting registration of record at trial. *UMG Recordings, Inc. v. O'Rourke*, 92 USPQ2d 1042, 1045 n.12 (TTAB 2009). However, in this case the pending applications are suspended and are unlikely to issue into registrations during the pendency of these proceedings.

interrogatories as exceeding the limit of 75 total interrogatories provided in Trademark Rule 2.120(d), 37 C.F.R. § 2.120(d).

### 1. Good Faith Effort

Trademark Rule 2.120(f)(1), 37 C.F.R. 2.120(f)(1), and Fed. R. Civ. P. 37(a)(1) require a party moving to compel to disclose the required good faith efforts in which it engaged to try to resolve the issue when submitting the motion to the tribunal. Applicant argues that the "history of good faith efforts" is set forth in its motion. Applicant's counsel submitted her declaration, which details the letter and email exchanges between counsel, together with copies of that correspondence, regarding Opposer's objection to the interrogatories as excessive.

Opposer argues that Applicant's motion to compel is procedurally defective because Applicant's declaration does not "mention" Applicant's efforts to resolve the dispute or that the parties were unable to do so, and that Applicant did not make a good faith effort to resolve the dispute prior to filing the motion to compel. Opposer also argues it agreed to withdraw the objection as to excessive interrogatories if Applicant would serve revised amended interrogatories deleting the phrase "and for each product listed in the respective registration" from Interrogatory Nos. 1, 2, 3, and 4, as deletion of the phrase would limit the interrogatories to the appropriate number.[6]

The Board has reviewed the briefs, arguments, declaration and attachments. Counsel for the parties had exchanged several letters and emails regarding alleged

---

[6] 12 TTABVUE 7.

deficiencies in the interrogatories, and were unable to resolve their differences. The Board finds Applicant has satisfied the good faith effort requirement prior to the filing of its motion to compel. The Board next proceeds to the merits of the discovery dispute.

## 2. General Objection to Interrogatories as Excessive in Number

On January 5, 2018, Applicant served 17 numbered interrogatories on Opposer, some of which included subparts. In lieu of responding to interrogatories, Opposer served a general objection that the interrogatories exceed the limit of 75 interrogatories set by Trademark Rule 2.120(d). Applicant argues its number of interrogatories are well within the limit of 75 imposed by the Rule, even if the subparts in Interrogatory Nos. 1, 2, 3, and 4 are counted, as each of the goods in the involved registrations is not counted as a separate inquiry.

As provided by Trademark Rule 2.120(d), the total number of interrogatories a party may serve upon another party in an entire proceeding may not exceed 75 total, counting subparts. When determining the number of interrogatories each subpart must be counted separately. *Kellogg Co. v. Nugget Distrib. Coop. of Am. Inc.*, 16 USPQ2d 1468, 1469 (TTAB 1990).

Opposer's objection to the interrogatories as containing an excessive number of subparts concerns, in part, its view that interrogatories 1 – 4 each expressly inquire as to the "total of 29 separate products" identified in its pleaded registrations. Thus for interrogatories 1 – 4, Opposer counts the following:

| Interrogatory No. | Counting Methodology | Total # |
|---|---|---|
| 1. | 3 subparts (a, b, c) x 29 products | **87** |
| 2. | 2 subparts (a, b) x 29 products | **58** |
| 3. | 2 subparts (channels of trade; description of customers) x 29 products | **58** |
| 4. | 2 subparts (print; electronic locations) x 29 products | **58** |

In reply, Applicant argues Opposer made clear that it did not agree to provide information regarding each of the goods in the pleaded registrations.

The Board is not bound by the propounding party's numbering or designating system. *E.g.*, *Kellogg Co.*, 16 USPQ2d at 1469. Rather, the Board will look to the substance of each interrogatory to identify whether it actually asks multiple distinct questions (e.g., sales figures and advertising figures), in which case each question is counted as a separate interrogatory, or whether it asks a single question, or all relevant facts and circumstances concerning a single issue, applicable to all pleaded marks or all asserted goods and services (such as, sales figures for each of a party's marks for multiple years), in which case it is counted as a single interrogatory. *Jan Bell Mktg., Inc. v. Centennial Jewelers, Inc.*, 19 USPQ2d 1636, 1637 (TTAB 1990). *See also* NOTICE OF FINAL RULEMAKING, 54 Fed. Reg. 34886, 34893 (August 22, 1989).

The Rule does not provide for additional interrogatories in cases where more than one mark is pleaded and/or attacked by a plaintiff, whether in a single proceeding or in consolidated proceedings, because the propounding party may simply request that each interrogatory be answered with respect to each involved mark of

the responding party, and the interrogatories will be counted the same as if they pertain to only one mark. TRADEMARK TRIAL AND APPEAL BOARD MANUAL OF PROCEDURE (TBMP) § 405.03(c) (2018). The count of interrogatories is not driven by the number of goods and services named in involved applications or registrations. Rather, as noted above, the Board looks to the text of the interrogatories and counts the substance of each question as a separate interrogatory. *Kellogg Co.,* 16 USPQ2d at 1469; *see also* TBMP § 405.03(d) *and cases cited therein.*

Applying the above guidelines to Applicant's interrogatories, the Board determines that Interrogatory Nos. 1 — 4 arguably comprise at most 9 subparts. Adding that figure to Opposer's counting of the remainder of the interrogatories (according to Opposer, the remainder comprise 30 subparts including 14 subparts to Interrogatory No. 13), the total number of arguably-identifiable subparts is well below the maximum of 75 interrogatories.

Accordingly, the motion to compel is **granted** to the extent that Opposer must serve, within **30 days** of the date of this order, its responses to Applicant's first set of interrogatories.

**C. Schedule**

Proceedings are resumed. Dates are reset as set out below. As there is no indication that the discovery conference has been held in the child case, a date is set out for the discovery conference below and discovery resumes on that date.

| | |
|---|---|
| Deadline for Discovery Conference | 10/11/2018 |
| Discovery Resumes | 10/11/2018 |
| Initial Disclosures Due | 11/10/2018 |
| Expert Disclosures Due | 3/10/2019 |

| | |
|---|---|
| Discovery Closes | 4/9/2019 |
| Plaintiff's Pretrial Disclosures Due | 5/24/2019 |
| Plaintiff's 30-day Trial Period Ends | 7/8/2019 |
| Defendant's Pretrial Disclosures Due | 7/23/2019 |
| Defendant's 30-day Trial Period Ends | 9/6/2019 |
| Plaintiff's Rebuttal Disclosures Due | 9/21/2019 |
| Plaintiff's 15-day Rebuttal Period Ends | 10/21/2019 |
| Plaintiff's Opening Brief Due | 12/20/2019 |
| Defendant's Brief Due | 1/19/2020 |
| Plaintiff's Reply Brief Due | 2/3/2020 |
| Request for Oral Hearing (optional) Due | 2/13/2020 |

Generally, the Federal Rules of Evidence apply to Board trials. Trial testimony is taken and introduced out of the presence of the Board during the assigned testimony periods. The parties may stipulate to a wide variety of matters, and many requirements relevant to the trial phase of Board proceedings are set forth in Trademark Rules 2.121 through 2.125. These include pretrial disclosures, the manner and timing of taking testimony, matters in evidence, and the procedures for submitting and serving testimony and other evidence, including affidavits, declarations, deposition transcripts and stipulated evidence. Trial briefs shall be submitted in accordance with Trademark Rules 2.128(a) and (b). Oral argument at final hearing will be scheduled only upon the timely submission of a separate notice as allowed by Trademark Rule 2.129(a).

***